UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* PATRICIA SCOTT and JOHN L. TUDBURY, *Plaintiffs*, v. PACIFIC ARCHITECTS AND ENGINEERS (PAE), INC. dba PAE Government Services, Inc, aka PAE Group, *Defendant.* | Civil Action No. 13-1844 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(September 13, 2018)

Relators, Patricia Scott and John L. Tudbury, proceeding *qui tam* on behalf of the United States, seek leave to amend their Third Amended Complaint. Defendant Pacific Architects and Engineers, LLC ("PAE") opposes.[1] Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[2] the Court shall, in an exercise of its discretion, **GRANT** Relators' [52] Motion for Leave to Amend Complaint to File Correction or in the Alternative for Extension of Time to Respond to the Motion to Dismiss ("Motion to Amend"). In light of the

---

[1] Relators refer to Defendant in the Third Amended Complaint as Pacific Architects and Engineers, Inc. The Court instead refers to Defendant here using the precise name by which it refers to itself in briefing. The Court otherwise takes no position on the discrepancy.

[2] The Court's consideration has focused on the following documents: Def. PAE's Mot. to Dismiss the 3d Am. Compl, ECF No. 50, and Def. PAE's Mem. of P&A in Supp. of Its Mot. to Dismiss the 3d Am. Compl., ECF No. 51 (collectively, "Def.'s Mot. to Dismiss 3d Am. Compl."); Relators' Mot. for Leave to Amend Compl. to File Correction or in the Alternative for Extension of Time to Respond to the Mot. to Dismiss, ECF No. 52 ("Relators' Mot. to Amend"); Def. PAE's Opp'n to Relators' Mot. for Leave to File a 4th Am. Compl., ECF No. 53 ("Def.'s Opp'n to Mot. to Amend"); Relators' Reply to Def.'s Opp'n to Mot. to Amend Compl. to File 4th Am. Compl., ECF No. 55 ("Relators' Reply in Supp. of Mot. to Amend"); Def. PAE's Notice That Its Mot. to Dismiss the 3d Am. Compl. Has Gone Unopposed by Relators, ECF No. 58 ("Def.'s Notice"); Relators' Mot. to Docket Their 4th Am. Compl. and to Amend the Schedule, ECF No. 59 ("Relators' Mot. to Docket"); Def. PAE's Opp'n to Relators' "Motion to Docket" 4th Am. Compl., ECF No. 60 ("Def.'s Opp'n to Mot. to Docket"); and Relators' Reply to Opp'n to Mot. to Docket Their 4th Am. Compl. and to Amend the Schedule, ECF No. 61 ("Relators' Reply in Supp. of Mot. to Docket").

1

filing of Relators' Fourth Amended Complaint as of this date, the Court also shall **DENY WITHOUT PREJUDICE** Defendant's [50] Motion to Dismiss the Third Amended Complaint.

Because the Court permits the Fourth Amended Complaint on the basis of Relators' [50] Motion, the Court generally need not reach Relators' [59] Motion to Docket Their Fourth Amended Complaint and to Amend the Schedule ("Motion to Docket"), except insofar as that motion seeks a briefing schedule for any renewed motion to dismiss. The Court shall **GRANT-IN-PART and DENY-IN-PART as MOOT** Relators' [59] Motion. Relators' [59] Motion is granted only insofar as the Court adopts the briefing schedule proposed therein for any dispositive motion that Defendant may choose to file.

The Court expects that Relators reviewed the Third Amended Complaint for any deficiencies and made the necessary edits in their Fourth Amended Complaint. The Court likewise expects that the Fourth Amended Complaint, the fifth iteration of Relators' pleading, will be the operative complaint for purposes of moving forward with Defendant's Motion to Dismiss and that no further need to amend will arise prior to discovery.[3]

## I. BACKGROUND

The Court previously articulated many of Relators' then-allegations in ruling on Defendant's motion to dismiss the Second Amended Complaint. *See* Mem. Op. and Order at 2-6, *United States ex rel. Scott v. Pacific Architects & Engineers (PAE), Inc.*, 270 F. Supp. 3d 146, 150-52 (D.D.C. 2017), ECF No. 36. The Court shall summarize here only those allegations in the Third Amended Complaint that are pertinent to the disposition of the pending motions.

---

[3] The Court observes what appears to be a pattern: Relators file a version of the Complaint; Defendant moves to dismiss; and Relators seek to amend to correct an infirmity, either before or after the Court's disposition of the motion to dismiss. This cycle occurred with Relators' First, Second, and Third Amended Complaints.

Relators are former employees of the Defendant, a contractor enlisted to provide "logistics, construction, services including peace keeping, justice programs, capacity building, and international policing programs" to the United States Government. 3d Am. Compl., ECF No. 49, ¶¶ 7-8. Among Defendant's contracts were agreements with the U.S. Department of State's Bureau of International Narcotics and Law Enforcement Affairs to furnish "civilian police training and administrative services" in Lebanon and other countries. *Id.* ¶¶ 9-10. Relators allege that Defendant committed certain violations of the federal False Claims Act ("FCA"), as amended, 31 U.S.C. § 3729, *et seq.*, including falsification of time records for work billed to the United States Government. *See, e.g.*, *id.* ¶¶ 1-2, 27-41. Of interest here, according to the Third Amended Complaint, one of Defendant's program managers allegedly instructed employees to engage in billing strategies that were tailored "to avoid problems with [State Department] audits that had questioned time sheet billing practices." *Id.* ¶ 41. But Relators now allege in their proposed Fourth Amended Complaint that the program manager's instructions were designed "to avoid problems with an internal audit from a company that was thinking about buying PAE, which apparently questioned time sheet billing practices." Relators' Mot. to Amend at 5 (referring to proposed Fourth Amended Complaint, ¶ 41).

Suing on behalf of the United States for Defendant's alleged violations of the FCA, Relators filed their [1] Complaint under seal in 2013. On March 12, 2014, the Court permitted withdrawal of that Complaint and the filing of a First Amended Complaint. Sealed Order, ECF No. 6; 1st Am. Compl., ECF No. 9. That First Amended Complaint was unsealed by the Court's [16] Order of March 18, 2016, issued upon receipt of the United States' [15] Notice Regarding Intervention. After filing a motion to dismiss the First Amended Complaint, Defendant consented

to Relators' request to file a Second Amended Complaint, which the Court ordered by Minute Order of August 15, 2016. *See* 2d Am. Compl., ECF No. 30.

On September 13, 2017, the Court granted-in-part and denied-in-part Defendant's motion to dismiss the Second Amended Complaint, dismissing certain of Relators' claims without prejudice. *Scott*, 270 F. Supp. 3d 146. The Court held an Initial Scheduling Conference and ultimately permitted Relators to file a Third Amended Complaint, with Defendant's consent, to address deficiencies in the Second Amended Complaint that were identified by the Court in its September 13, 2017, decision. *See* Am. Scheduling & Procedures Order, ECF No. 45, at 5; Min. Order of Jan. 3, 2018; 2d Am. Scheduling and Procedures Order, ECF No. 48, at 5. As the Court expressly contemplated, Defendant then filed its [50] Motion to Dismiss the Third Amended Complaint. Shortly thereafter, and before the deadline for their opposition to that pending motion, Relators filed their [52] Motion to Amend, which in the alternative sought an extension in the deadline for their opposition. A flurry of subsequent briefing revolved around the core question of whether the Third Amended Complaint should be amended still further. Pending the Court's decision as to their Motion to Amend or to extend the opposition deadline, Relators did not respond to Defendant's Motion to Dismiss. Defendant argues that its Motion to Dismiss accordingly "may . . . be treated as conceded." Def.'s Notice at 3.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, a party is permitted to amend its complaint or other pleading "once as a matter of course within" certain alternative time periods. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Rule 15 makes clear that when the court's leave is sought, that leave should be "freely give[n] . . . when justice so requires." *Id.*; *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (finding that leave to amend a

4

complaint is within the court's discretion and "should be freely given unless there is a good reason . . . to the contrary"), *cert den.*, 520 U.S. 1197 (1997); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting that "it is an abuse of discretion to deny leave to amend unless there is sufficient reason").

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Courts that have found an undue delay in filing [a proposed amended complaint] have generally confronted cases in which the movants failed to promptly allege a claim for which they already possessed evidence." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. 2013). An amendment would be unduly prejudicial if it "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation"; it would "put [the opponent] to added expense and the burden of a more complicated and lengthy trial"; or it raises "issues . . . [that] are remote from the other issues in the case." *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990)) (internal quotation marks omitted). With respect to the futility of an amendment, a district court may properly deny a motion to amend if "the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010) (citing, e.g., *Foman*, 371 U.S. at 182). "With respect to bad faith, courts generally consider the length of the delay between the latest pleading and the amendment sought. However, delay alone is an insufficient

5

ground to deny the motion unless it prejudices the opposing party." *Djourabchi*, 240 F.R.D. at 13 (citing Wright, Miller & Kane, *supra*, § 1488).

"Because amendments are to be liberally granted, the non-movant bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

Relators' Motion to Amend would change only three paragraphs in the Third Amended Complaint, namely paragraphs 41, 82, and 83. Relators' Mot. to Amend at 4-6. The principal edit, in paragraph 41, would replace the allegation of a State Department audit with the allegation of an internal audit associated with a potential purchaser. Relators already allege an audit by a potential purchaser elsewhere in their Third Amended Complaint—namely in paragraphs 82 and 83. The edits they now propose to paragraph 82 appear to be designed, in part, to conform it to the fact that the internal audit already is introduced earlier in the proposed Fourth Amended Complaint, at paragraph 41.

The proposed changes to paragraph 82, as well as paragraph 83, also have a more substantive component. Those edits would somewhat soften Relators' confidence and specificity as to what the internal audit revealed. *See* Relators' Mot. to Amend at 4-6; Relators' Reply in Supp. of Mot. to Amend at 4. Rather than alleging in the Third Amended Complaint that the 2009 internal audit "show[ed] irregularities in billing, pre billing of time not worked, [and] submission of faked or falsified time records," Relators now propose in paragraph 82 that the same audit "*may have showed irregularities in billing and possible irregularities of an unspecified nature*." Relators' Mot. to Amend at 5-6 (emphasis added). Both the operative and proposed versions of paragraph 83 continue by discussing certain meetings that Defendant's staff allegedly held in Lebanon in 2011, but the precise connection between those meetings and the 2009 audit differs in

the two versions. The operative version of paragraph 83 alleges that the meetings were held "[i]n response to that audit," while the proposed version alleges more generally that the meetings were held "[i]n response to questions about billing practices." *Id.*

As this discussion illustrates, the proposed amendments to paragraphs 41, 82, and 83 raise somewhat different issues, but all three concern whether Relators should be permitted to walk back their allegations to some extent. The primary question is whether Relators may drop their paragraph 41 allegation of a State Department audit, which allegation they attribute to "a mistake by counsel in the Third Amended Complaint." Relators' Mot. to Amend at 2. Relators indicate that they realized this only in response to Defendant's Motion to Dismiss, which argues that the State Department allegation triggers a public-disclosure bar under the FCA. *See* Relators' Reply in Supp. of Mot. to Amend at 4; Def.'s Mot. to Dismiss 3d Am. Compl. at 28-31 (citing 31 U.S.C. § 3730(e)(4)(A)). They represent that "[u]pon review of the argument raised by the Defendants, the Relators have confirmed that they were not aware of a specific [State Department] audit, only a private one, and then nothing specific about what concerns were raised in 2009." Relators' Reply in Supp. of Mot. to Amend at 4.

Evidently the substantive edits to paragraphs 82 and 83 represent Relators' effort, in their words, "to correct any mistaken impression that a private audit concerned the subject matter of this litigation," because "whatever auditing that occurred was non-specific about particular billing practices as far as Relators knew and certainly did not reveal the scheme Relators have unveiled." Relators' Mot. to Amend at 1, 8. As with the proposed change to paragraph 41, the Court interprets these proposed edits as responsive to the public-disclosure argument.

The Court now turns to the application of the appropriate standard for evaluating this Motion to Amend. At the threshold, the Court shall determine which Rule 15 standard applies.

Although in this decision the Court generally does not reach Relators' Motion to Docket, the Court notes that Relators raise therein the possibility of amending as of right. Ultimately, however, they disavow seeking to do so and instead forge ahead with their request for the Court's leave. *See* Relators' Mot. to Docket at 3; Relators' Reply in Supp. of Mot. to Docket at 1-2. Accordingly, the Court need not decide whether Relators may amend absent the Court's leave.

Defendant has not discharged its burden to show why the Court should not grant Relators leave under the liberal standard applicable to a motion to amend. *See Abdullah*, 530 F. Supp. 2d at 115. Defendant's argument does not track the factors that this Court should consider under *Foman*. For example, Defendant does not argue that the amendment would be futile. On the contrary, the parties seem to agree that the amendments could affect the merits of the public-disclosure argument and/or original-source exception. *See, e.g.*, 31 U.S.C. § 3730(e)(4)(A); Relators' Mot. to Amend at 8 (indicating that the "issue of 'original source'" associated with the public-disclosure argument "would be the death knell of Relators' case"); Def.'s Opp'n to Mot. to Amend at 3, 5 (focusing on public-disclosure issues with paragraph 41).

Nor does Defendant specifically argue that it would be prejudiced by an amendment. Defendant objects only in passing to the cost of filing a renewed motion to dismiss. Def.'s Opp'n to Mot. to Amend at 3. "However, an amendment is not automatically deemed prejudicial if it causes the non-movant to expend additional resources," for (virtually) every amendment meets that criterion. *Westrick*, 301 F.R.D. at 9. Relators' proposed edits should not cause significant changes in Defendant's approach to this case, nor otherwise entail high costs. The Fourth Amended Complaint would not, for example, "substantially change[ ] the theory on which the case has been proceeding"; is not "proposed late enough so that the opponent would be required to engage in significant new preparation"; would not necessarily "put [Defendant] to . . . the burden

of a more complicated and lengthy trial"; and would not raise "issues . . . [that] are remote from the other issues in the case." *Djourabchi*, 240 F.R.D. at 13 (quoting Wright, Miller & Kane, *supra*, § 1487) (internal quotation marks omitted). Despite the passage of time, this case is still in the early stages of litigation, preceding the expenses of discovery. Defendant still would have ample opportunity to make its case in a renewed motion to dismiss, without dramatic effects on its preparation thus far. A Fourth Amended Complaint would not unduly prejudice Defendant.

The fact that this proposed amendment arises only after the case has proceeded for some years, and through several rounds of motions practice, is not surprising to the Court. Defendant appears to have raised the public-disclosure bar only in its latest motion to dismiss. *See* Def.'s Mot. to Dismiss 3d Am. Compl. at 28-31 (making the public-exclusion argument); *see also generally* Def. PAE's Mot. to Dismiss 1st Am. Compl., ECF No. 18 (not raising public-disclosure bar); Def. PAE's Mot. to Dismiss 2d Am. Compl., ECF No. 33 (same); Def. PAE's Reply Mem. in Resp. to Pls.' Opp'n to Def.'s Mot. to Dismiss 2d Am. Compl., ECF No. 35 (same). Relators have admitted that they re-visited these paragraphs 41, 82, and 83 only in response to Defendant's argument about the public-disclosure bar in its latest Motion to Dismiss. They realized the need to adjust factual allegations in their operative complaint; they did not try to make entirely new claims. *See Westrick*, 301 F.R.D. at 9 (drawing this distinction in rejecting undue delay argument). Relators' Motion to Amend followed only nine days later. The delay, accordingly, is not undue. The circumstances triggering this proposed amendment likewise explain why it was not made in prior versions of the Complaint.[4]

---

[4] The parties also quibble over which of the three prior amendments was "substantive." *See, e.g.*, Def.'s Opp'n to Mot. to Amend at 2; Relators' Reply in Supp. of Mot. to Amend at 1. The Court refrains from descending into a dispute that does not meaningfully facilitate the Court's decision.

That leaves Defendant's argument that Relators made no mistake in their Third Amended Complaint; rather, they purportedly have been alleging for quite some time that a State Department audit took place. *See* Def.'s Opp'n to Mot. to Amend at 3-4. In light of the present briefing, the Court is not persuaded that past pleadings must be read this way.[5] But even if Relators were previously alleging a State Department audit, there is no reason they should not be permitted to retract that allegation now if they have realized that they cannot allege it in good faith. Moreover, they waited only nine days after the operative motion to dismiss to do so. *See Djourabchi*, 240 F.R.D. at 13 (noting that the interval is a factor in bad faith determination). The Court is not persuaded that Relators have acted in bad faith. They are now on notice of a new argument by Defendant, namely the public-disclosure bar. Relators' proposed edits are admittedly designed to preclude—at least in part—the possible adverse disposition of a motion to dismiss, but that is not a proper reason to deny leave to amend at this relatively early stage in the proceedings, where the Court does not observe other potential indicia of bad faith. *See Hoffmann v. United States*, 266 F. Supp. 2d 27, 34-35 (D.D.C. 2003) (collecting cases in summary judgment posture), *aff'd per curiam*, 96 F. App'x 717 (Fed. Cir. May 4, 2004), *cert. denied*, 543 U.S. 1002 (2004).

At this time, it is not appropriate to reach the merits of Defendant's public-disclosure argument. Defendant's Motion to Dismiss the Third Amended Complaint was not fully briefed. Nor is it otherwise readily apparent how the public-disclosure bar applies, if at all, to Relators' Fourth Amended Complaint. Defendant may file a Motion to Dismiss that addresses the revised

---

[5] It is not clear, however, what Relators mean when they assert that "discovery here revealed what was unknown to the Plaintiff previously." Relators' Mot. to Amend at 9. The Court has not ordered any discovery by Relators. In any event, the Court's decision is not affected by this apparent error.

allegations in the Fourth Amended Complaint, and the Court shall make a decision upon the conclusion of briefing.

The Court also disagrees with Defendant's contention that Relators should proceed, not by filing an amended complaint, but instead by abandoning allegations in their opposition memorandum. Def.'s Opp'n to Mot. to Amend at 6-7 (citing *Roz Trading Ltd v. Zeromax Grp., Inc.*, 517 F. Supp. 2d 377, 385 n.3 (D.D.C. 2007) (Kollar-Kotelly, J.)). In *Roz*, this Court simply supposed that the omission of an allegation from an opposition represented its abandonment. *See Roz Trading Ltd*, 517 F. Supp. 2d at 385 n.3. That case does not stand for the proposition that an opposition memorandum is the appropriate vehicle for a *de facto* amendment to the operative complaint. A single pleading reflecting Relators' current allegations would enable the Court to more squarely and efficiently address the public-disclosure bar—should Defendant continue to make that argument in a renewed motion—as well as Defendant's other arguments for dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court shall, in an exercise of its discretion, **GRANT** Relators' [52] Motion for Leave to Amend Complaint to File Correction or in the Alternative for Extension of Time to Respond to the Motion to Dismiss. The Clerk of Court shall file Relators' [52-1] Fourth Amended Complaint as of this date. In light of the filing of Relators' Fourth Amended Complaint, the Court shall **DENY WITHOUT PREJUDICE** Defendant's [50] Motion to Dismiss the Third Amended Complaint.

Because the Court permits the Fourth Amended Complaint on the basis of Relators' [50] Motion, the Court shall **GRANT-IN-PART and DENY-IN-PART as MOOT** Relators' [59] Motion to Docket Their Fourth Amended Complaint and to Amend the Schedule. Relators' [59] Motion is granted only insofar as the Court adopts the briefing schedule proposed therein for any dispositive motion that Defendant may choose to file. *See* Mot. to Docket at 3.

Defendant may file a Motion to Dismiss the Fourth Amended Complaint by **OCTOBER 15, 2018**. If Defendant so files, then Relators shall file their response by **NOVEMBER 14, 2018**. Defendant's reply, if any, shall be filed by **NOVEMBER 28, 2018**.

**SO ORDERED.**

Dated: September 13, 2018

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
